UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

---

**AURLISA ISOM**

    **Plaintiff**

**v.**

**LOUISIANA OFFICE OF JUVENILE JUSTICE AND WILLIAM SOMMERS, IN HIS OFFICIAL CAPACITY AS DEPUTY SECRETARY OF THE LOUISIANA OFFICE OF JUVENILE JUSTICE**

    **Defendant**

CIVIL ACTION: _____

JUDGE _____

MAGISTRATE JUDGE _____

JURY TRIAL REQUESTED

---

## COMPLAINT

### I. PRELIMINARY STATEMENT

1. The Plaintiff, Aurlisa Isom, a qualified person with a disability, contends that Defendants unlawfully denied her an available position for which she was qualified because of her disability. She brings this action for injunctive, declaratory, and monetary relief against the Defendant for violation of her rights under Title I of the Americans with Disabilities Act, 42 U.S.C. §121101, Title II of the Americans with Disabilities Act, 42 U.S.C. §12132 and §504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. §794, *et seq.*

### II. JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §§1331 and 1343(4). Declaratory relief is sought pursuant to 28 U.S.C. §§2201 and 2202.

**III.     PARTIES**

3. Plaintiff, AURLISA ISOM, is a resident of New Orleans, Louisiana. The Plaintiff was diagnosed with Multiple Myeloma, an incurable bone cancer in 2010. As a result of her condition, she has occasional back pain causing her to walk slower or have difficulty getting up or down. Plaintiff does not currently take any medications for her condition but uses other mitigating measures to cope with the sporadic pain. Plaintiff sought employment from the Louisiana Office of Juvenile Justice

4. Defendant, the Louisiana Office of Juvenile Justice (OJJ), operates the correctional facilities and services for youth in Louisiana, including the Bridge City Center for Youth in Jefferson Parish, Louisiana (hereinafter BCCY). It is also responsible for all children adjudicated delinquent and assigned to their care by the court system, either for supervision or custody in residential placement or its secure care facilities. As part of its operations, Defendant regularly employs social workers.

5. Defendant William Sommers is the Deputy Secretary of OJJ. The Deputy Secretary is appointed by Governor of Louisiana and serves as the agency head of OJJ. He is responsible for all OJJ operations.

**IV.     STATEMENT OF FACTS**

6. On March 23, 2018, Plaintiff applied for a job at Bridge City Center for Youth as a Social Worker III. Plaintiff was given a Conditional Offer of Employment.

7. Plaintiff has over twenty years of experience as a Social Worker. Plaintiff is and has been, since before March 2018, able to perform all the essential of being a Social Worker at OJJ.

8. As part of the application process, Plaintiff completed a pre-employment health history questionnaire. Plaintiff completed this form twice, once on March 6, 2018 and again on

March 19, 2018. The health history questionnaire, created and distributed by Defendant, required Plaintiff to disclose any pre-existing conditions and obtain a medical release from her treating physician.

9. Plaintiff disclosed her disability on both pre-employment health history questionnaires. Plaintiff also disclosed her diagnosis to BCCY's physician who performed a physical examination on March 8, 2018.

10. Plaintiff was diagnosed in 2010 with Multiple Myeloma, an incurable bone cancer. Plaintiff does not currently take any medication for the condition and sees her oncologist only once every six months. Plaintiff sporadically experiences back pain because of her condition, which causes her to walk more slowly or take extra time completing tasks. Plaintiff treats the back pain with ibuprofen as needed.

11. Plaintiff underwent a pre-employment physical at BCCY facilities. The physical was performed by a physician designated by OJJ. Due to an elevated blood pressure reading, Plaintiff was required to have an additional physical performed by her primary care physician.

12. Plaintiff's primary care physician, Dr. DeGrange, performed a second physical examination on Plaintiff on March 21, 2018. Dr. DeGrange cleared Plaintiff for work with no restrictions. By obtaining medical clearance from Dr. DeGrange, Plaintiff fulfilled the obligation set by Defendant in its pre-employment health history questionnaire.

13. Plaintiff's Conditional Offer of Employment listed her start date as March 26, 2018. Plaintiff arrived at BCCY on the morning of March 26, 2018 to start work and was met by Human Resources personnel Sharonda Smith. Ms. Smith had questions for Plaintiff regarding her disability and had taken notes regarding Plaintiff's disability before the conversation began.

14. Before ever being allowed to perform her work duties, Plaintiff was informed by Ms. Sharonda Smith that she could not have the job of Social Worker III because of her disability.

15. Due to Defendant's acts of discrimination Plaintiff has suffered economic injury, and damage to her emotional well-being and professional development.

16. Plaintiff filed a complaint of discrimination with the Equal Employment Opportunity Commission in 2018 and has exhausted her administrative remedies. Plaintiff received a notice of the right to sue from the EEOC on October 8, 2020.

17. Plaintiff is unemployed but remains ready, willing, and able to accept and being working at the which applied for in March 2018.

## V.   FIRST CAUSE OF ACTION

18. The allegations contained in paragraphs 3-14 are repeated and realleged as if set forth fully herein.

19. Defendant's actions in refusing to hire Plaintiff, who was otherwise qualified for the available position, solely because of Plaintiff's disability constitute employment discrimination against a qualified disabled person, in violation of Title I of the Americans with Disabilities Act, 42 U.S.C. §121101.

## VI.   SECOND CAUSE OF ACTION

20. The allegations contained in paragraphs 3-14 are repeated and realleged as if set forth fully herein.

21. Defendant's actions in refusing to hire Plaintiff, who was otherwise qualified for the available position, solely because of Plaintiff's disability constitute employment discrimi-

nation against a qualified disabled person, in violation of under Title II of the Americans with Disabilities Act, 42 U.S.C. §12132.

## VII.  THIRD CAUSE OF ACTION

22. The allegations contained in paragraphs 3-14 are repeated and realleged as if set forth fully herein.

23. Defendant's actions in refusing to hire Plaintiff, who was otherwise qualified for the available position, solely because of Plaintiff's disability constitute employment discrimination against a qualified disabled person, in violation of §504 of the Rehabilitation Act of 1973, 29 U.S.C. §794.

## VIII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Assume jurisdiction of this action;

B. Declare that the policies and regulations of the Defendant which discriminate against otherwise qualified persons because of their disability are in violation of federal law under Title I and Title II of the Americans with Disabilities Act and the Rehabilitation Act of 1973.

C. Issue a Permanent Injunction requiring that Defendants provide Plaintiff with employment as a Social Worker for Bridge City Center for Youth, or similar facility or program, on, at least, the same terms and conditions as the job she was conditionally offered in 2018.

D. Award the Plaintiff back pay, benefits of employment, and compensatory damages.

E. Award the Plaintiff her costs and reasonable attorney's fees.

F.       Award such other relief as the Court may deem just, necessary, and proper.

Respectfully submitted this 6th day of January, 2021.

**AURLISA ISOM**

By her attorneys,

/s/ Ronald K. Lospennato
Ronald K. Lospennato, LA Bar No. 32191
Emma Douglas, LA Bar No. 39076
DISABILITY RIGHTS LOUISIANA
8325 Oak Street
New Orleans, LA 70118
Telephone: 504-208-4679
Facsimile: 504-335-2890
Email: rlospennato@disabilityrightsla.org