UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

AURLISA ISOM                                                                                       CIVIL ACTION

VERSUS

LOUISIANA OFFICE OF                                        NO. 21-00013-BAJ-SDJ
JUVENILE JUSTICE, ET AL.

## ORDER

Before the Court is **Defendants' Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction and Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted (Doc. 9)**. The Motion is opposed. (Doc. 18).

On July 2, 2021, Plaintiff was granted leave to file an amended complaint. *See* (Doc. 24). Plaintiff subsequently filed her amended complaint. (Doc. 25). Courts vary in approach when a plaintiff amends her complaint while a Rule 12 motion is pending. *See Melson v. Vista World Inc. & Assocs.*, No. CIV.A. 12-135, 2012 WL 6002680, at \*12 (E.D. La. Nov. 30, 2012). Nonetheless, "many district courts—including those in this Circuit—routinely deny as moot motions to dismiss that are filed prior to an amendment of a complaint." *La. v. Bank of Am. Corp.*, No. CV 19-638-SDD-SDJ, 2020 WL 3966875, at \*5 (M.D. La. July 13, 2020) (citing *Garcia v. City of Amarillo, Tex.*, No. 2:18-CV-95-D-BR, 2018 WL 6272461, at \*1 (N.D. Tex. Oct. 29, 2018), *report and recommendation adopted*, No. 2:18-CV-095-D, 2018 WL 6268222 (N.D. Tex. Nov. 30, 2018), at \*1 ("[A]n amended complaint, which supersedes the original complaint as

1

the operative live pleading, renders moot a motion to dismiss the original complaint."); *Xtria, LLC v. Int'l Ins. All. Inc.*, No. CIV.A.309-CV-2228-D, 2010 WL 1644895, at *2 (N.D. Tex. Apr. 22, 2010) ("Because [the plaintiff] has been granted leave to amend, [the defendant's] motions to dismiss and for judgment on the pleadings are denied without prejudice as moot.") (additional citations omitted)). While a court may apply a pending Rule 12 motion to a newly amended complaint, it should nonetheless deny the pending motion as moot if that application "would cause confusion or detract from the efficient resolution of the issues." *Rodgers on Behalf of CJTJ v. Gusman*, No. CV 16-16303, 2019 WL 186669 at *2 (E.D. La. Jan. 14, 2019) (In that situation, "it makes sense to require the defendant to file a new motion specifically addressing the amended complaint.").

Here, Plaintiff's Amended Complaint was filed with the intent of addressing and potentially remedying the issues raised in the pending motion to dismiss. *See* (Doc. 24, p. 3 at n. 12). To promote the efficient resolution of this matter, the Court will deny Defendants' pending Motion to Dismiss as moot. (Doc. 9). The Court will permit Defendants to re-urge their Motion if, after thoroughly reviewing the comprehensive version of the Amended Complaint, Defendants still believe Plaintiff has failed to state a claim and that the Court lacks jurisdiction over Plaintiff's claims.

Accordingly,

**IT IS ORDERED** that Defendant's Motion (Doc. 9) is **DENIED**.

Baton Rouge, Louisiana, this 12th day of July, 2021

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**