UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**AURLISA ISOM**  **CIVIL ACTION**

**VERSUS**

**LOUISIANA OFFICE OF JUVENILE**  **NO. 21-00013-BAJ-SDJ**
**JUSTICE, ET AL.**

## RULING AND ORDER

Before the Court are Defendants Louisiana Department of Public Safety and Corrections, Office of Juvenile Justice, an agency of the state's Department of Public Safety and Corrections, and William Sommers who, pursuant to Rules 12(b)(1) and 12(b)(6), seek dismissal of Plaintiff's Second Amended Complaint. (Docs. 28, 37). The Motions are opposed (Docs. 32, 38). For the reasons stated below, Defendants' Motions are **GRANTED** in part and **DENIED** in part.

### I. RELEVANT BACKGROUND

#### A. Facts

On February 6, 2018, Plaintiff applied for a job at the Bridge City Center for Youth as a Social Worker II. (Doc. 25, ¶ 8). On March 23, 2018, Plaintiff contends she received a conditional offer of employment. (Doc. 25, ¶ 9). As a part of the pre-employment screening process, Plaintiff underwent two pre-employment physicals and disclosed a prior diagnosis of bone cancer. (Doc. 25, ¶¶ 11-12). On March 26, 2018, upon her arrival at BCCY, Plaintiff alleges that she was told "she could not

1

have the job of Social Worker II because of her disability."[1] (Doc. 25, ¶¶ 15, 17). Plaintiff thereafter filed a complaint of discrimination with the Equal Employment Opportunity Commission "on or before January 22, 2019." (Doc. 25, ¶ 19).

Plaintiff now brings this action for injunctive, declaratory, and monetary relief for violation of her rights under Title I of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act of 1973. (Doc. 25 ¶ 1).

### B. Procedural History

On January 6, 2021, Plaintiff filed her initial complaint asserting claims under Title I of the American with Disabilities Act, 42 U.S.C. § 12101, Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132 and §504 of the Rehabilitation Act of 1973, 29 U.S.C. §794, et seq. against all named Defendants seeking damages, injunctive relief, and declaratory relief. The Office of Juvenile Justice and Sommers filed their initial Motion to Dismiss on March 3, 2021. (Doc. 9)

Plaintiff filed a Motion for Leave to File Amended Complaint, which was granted. (Doc. 12). Plaintiff then filed a Motion for Leave to File Second Amended Complaint which was granted and entered into the record as Doc. 25. Thereafter, Defendants initial Motion to Dismiss was denied as moot. (Doc. 26).

In the Second Amended Complaint, Plaintiff names as defendants the Department of Public Safety and Corrections, Louisiana Office of Juvenile Justice, and William Sommers, Deputy Secretary of Youth Services, in his official capacity. (Doc. 25). She

---

[1] Additionally, the Court notes that Defendants have yet to articulate any legitimate nondiscriminatory reason to counter Plaintiff's claim that she was refused a position as a Social Worker II at the Bridge City Center for Youth because of her disability.

2

asserts claims under Title I of the ADA, 42 U.S.C. § 121101 and §504 of the Rehabilitation Act, 29 U.S.C. § 794, et seq. based on her assertion that she was not hired at BCCY because of her disability, or because Defendants regarded her as having a disability. (Doc. 25 ¶¶ 26 & 28). Plaintiff seeks injunctive, declaratory, and monetary relief against the Department of Public Safety and Corrections and Office of Juvenile Justice for back pay, benefits of employment, and compensatory damages for violations of Section 504 Rehabilitation Act of 1973. (Doc. 25 ¶ VII). She also prays for a permanent injunction requiring that Sommers provide her with employment as a Social Worker for Bridge City Center for Youth, or a similar facility. *Id.*

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims. *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286–287 (5th Cir. 2012) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *Stockman v. FEC*, 138 F.3d 144, 151 (5th Cir. 1998)). Under Rule 12(b)(1), a claim is "properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate" the claim. *Id.* (quoting *Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)). The court should consider a Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits. *Id.* (*citing Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), cert. denied, 536 U.S. 960 (2001)). Considering a Rule 12(b)(1) motion

3

to dismiss first "prevents a court without jurisdiction from prematurely dismissing a case with prejudice." *Id.* (citing *Ramming*, 281 F.3d at 161).

There are two categories of motions under Rule 12(b)(1): facial attacks on jurisdiction or factual attacks on jurisdiction. *See, e.g. Paterson v. Weinberger*, 644 F.2d 521, 524 (5th Cir. 1981). A "facial attack" accepts the facts of the complaint as true and tests the sufficiency of those allegations. *Id.* However, a "factual attack" rejects the facts underlying a plaintiff's jurisdictional claim. *Id.* Where a defendant makes a "'factual attack' upon the court's subject matter jurisdiction over the lawsuit . . . a plaintiff is also required to submit facts through some evidentiary method and has the burden of proving by a preponderance of the evidence that the trial court does have subject matter jurisdiction." *Id.*

## III. ANALYSIS

### A. Department of Public Safety and Corrections Lacks the Procedural Capacity to be Sued

The Eleventh Amendment to the Constitution of the United States bars a state from being sued in federal court by its own citizens, citizens of other states, or foreign nations. U.S. Const. Amend. XI; *Seminole Tribe v. Florida*, 517 U.S. 44, 54 (1996); *Cox v. City of Dallas*, 256 F.3d 281, 307 (5th Cir. 2001) (citing *Bd. of Trs. Of Univ. of Ala. v. Garrett*, 531 U.S. 356 (2001)). Louisiana is immune from suit from Title I ADA claims and has not waived its immunity or consented to the exercise of federal judicial power in civil actions against it. La. R.S. § 13:5106(A); La. Const. art. I, § 26; *Harris v. Louisiana Office of Juvenile Justice*, 2019 WL 2617175, at *4 (E.D. La. June 26, 2019) (citation omitted). "When a state agency is named the

4

defendant, the Eleventh Amendment bars suits for both money damages and injunctive relief unless the state has waived its immunity." *Cozzo v. Tangipahoa Parish Council President Government*, 279 F.3d 273, 281 (5th Cir. 2002). Louisiana Department of Public Safety and Corrections is an arm of the State that is entitled to Eleventh Amendment immunity. *Zoghbi v. Glob. Industries, Inc.*, No. CV 13-409-SDD-EWD, 2016 WL 4163558, at *2 (M.D. La. June 30, 2016), *report and recommendation adopted sub nom. Zoghbi v. Glob. Indus., Inc. of N.J.*, No. CV 13-409-SDD-EWD, 2016 WL 4157336 (M.D. La. Aug. 4, 2016) (*citing Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314 (5th Cir. 1999)).

Accordingly, the Department of Public Safety and Corrections is immune from suit in federal court under Title I of the ADA. As such, to the extent if any that Plaintiff asserts a Title I of the ADA claim for monetary relief against Defendant Department of Public Safety and Corrections it is dismissed with prejudice.

### B. Louisiana Office of Juvenile Justice Lacks the Procedural Capacity to be Sued

Federal Rule of Civil Procedure 17(b)(3) provides that whether a defendant can be sued is a matter to be determined, "by the law of the state where the court is located." In Louisiana, an entity "must qualify as a juridical person" to be capable of being sued." *Harris*, 2019 WL 2617175, at *2 (*citing Dejoie v. Medley*, 945 So.2d 968, 972 (La. App. 2 Cir. 2006)). The Louisiana Civil Code defines a juridical person as "an entity to which the law attributes personality, such as a corporation or partnership." La. Civ. Code art. 24. A unit of local government is a

juridical person when it is "separate and distinct from other government entities, [and] when the organic law grants it the legal capacity to function independently and not just as the agency or division of another governmental entity." *Harris*, 2019 WL 2617175, at *2 (citing *Roberts v. Sewerage and Water Board of New Orleans*, 634 So.2d 341, 347 (La. 1994).

The Office of Juvenile Justice is not a juridical person because it is not a separate and distinct unit of local government. It is merely an administrative office within the Department of Public Safety and Corrections. See Louisiana Revised Statute 36:401(C)(1) ("[t]he Department of Public Safety and Corrections *shall be composed of* the executive office of the secretary, public safety services, corrections services, youth services, and such other offices as shall be created by law") (emphasis added). Accordingly, to the extent if any that Plaintiff asserts a Title I ADA claim for monetary relief against Defendant Office of Juvenile Justice it is dismissed with prejudice.

### C. Sovereign Immunity as to William Sommers

The Eleventh Amendment to the Constitution of the United States bars a state from being sued in federal court by its own citizens, citizens of other states, or foreign nations. U.S. Const. Amend. XI; *Seminole Tribe v. Florida*, 517 U.S. 44, 54 (1996); *Cox v. City of Dallas*, 256 F.3d 281, 307 (5th Cir. 2001) (citing *Bd. of Trs. Of Univ. of Ala. v. Garrett*, 531 U.S. 356 (2001)). "When a state agency is named the defendant, the Eleventh Amendment bars suits for both money damages and injunctive relief unless the state has waived its immunity." *Cozzo v. Tangipahoa Parish Council--*

*President Government*, 279 F.3d 273, 281 (5th Cir. 2002). Louisiana Department of Public Safety and Corrections is an arm of the State that is entitled to Eleventh Amendment immunity. *Zoghbi v. Glob. Industrhes, Inc.*, No. CV 13-409-SDD-EWD, 2016 WL 4163558, at *2 (M.D. La. June 30, 2016), *report and recommendation adopted sub nom. Zoghbi v. Glob. Indus., Inc. of N.J.*, No. CV 13-409-SDD-EWD, 2016 WL 4157336 (M.D. La. Aug. 4, 2016) (citing Champagne v. Jefferson Parish Sheriff's Office, 188 F.3d 312, 314 (5th Cir. 1999)).

"This rule extends to 'arms of the state,' and to a state's 'officials acting in their official capacities.'" *Parker v. Louisiana Dep't of Pub. Safety & Corr.*, No. CV 18-1030-JWD-EWD, 2020 WL 4353564, at *8 (M.D. La. July 29, 2020) (citing *Howlett v. Rose*, 496 U.S. 356, 365, 110 S. Ct. 2430, 110 L. Ed. 2d 332 (1990); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989)) ("Obviously, state officials literally are persons. But a suit against a state official in his or her official capacity is not a suit against the official, but rather is a suit against the official's office. As such, it is no different from a suit against the State itself.").

However, under the *Ex Parte Young* doctrine, "a litigant may sue a state official in his official capacity if the suit seeks prospective relief to redress an ongoing violation of federal law." *Williams on Behalf of J.E. v. Reeves*, 954 F.3d 729, 735–36 (5th Cir. 2020) (citing *Ex parte Young*, 209 U.S. 123, 167–68 28 S.Ct 441, 52 L.Ed 719 (1908)). This exception, candidly, "rests on a legal fiction, the premise that a state official is not the State for sovereign-immunity purposes when a federal court commands [him or her] to do nothing more than refrain from violating federal law."

*Id.* at 168. (citations omitted). For a suit to proceed under this doctrine, it must be a suit seeking declaratory or injunctive relief and: "(1) be brought against state officers who are acting in their official capacities; (2) seek prospective relief to redress ongoing conduct; and (3) allege a violation of federal, not state, law." *Id.* (citing *NiGen Biotech, L.L.C. v. Paxton*, 804 F.3d 389, 394 (5th Cir. 2015). This is true, even where an injunction may have "an ancillary effect on the state treasury." *Quern v. Jordan*, 440 U.S. 332, 337 (1979).

Plaintiff filed suit against Sommers in his official capacity and seeks a permanent injunction requiring him to provide Plaintiff with employment as a Social Worker for Bridge City Center for Youth or similar facility or program. (Doc. 25 ¶C). Defendants argue that any claim for money damages asserted against Sommers, a state officer acting in his official capacity as Deputy Secretary of Youth Service under DPSC, are barred by the Eleventh Amendment. (Doc. 28-1, p.6) *See Fletcher v. Louisiana Dep't of Transportation & Dev.*, No. CV 19-00593-BAJ-RLB, 2020 WL 6588593, at *4 (M.D. La. Nov. 10, 2020). While the eventual remedy may include payment of salary and benefits, nowhere in Plaintiff's second amended complaint against Sommers does she specifically request the Court to order back payment as a remedy. Although the harm Plaintiff suffers may be monetary in nature, she primarily petitions the Court for prospective injunctive relief. (See Doc. 25 ¶C). As noted above, Plaintiff asserts claims under Title I of the ADA and §504 of the Rehabilitation Act based on her assertion that she was not hired at the Bridge City Center for Youth because of her disability, or because Defendants regarded her as

8

having a disability. (Doc. 25 ¶¶ 26 & 28). Therefore, Plaintiff's suit for prospective, injunctive relief may proceed against Sommers.

### D. Timeliness

The parties dispute the time limitations that apply. (Docs. 28-1, 32, 37-1, 38). Defendants urge the Court to apply the one-year limitation period governing personal injury actions under Louisiana law. See La. Civ. Code art. 3492. However, Plaintiff asks the Court to apply a four-year catch all limitations period under federal law. *See* 28 U.S.C. § 1658(a). This period applies in "civil actions arising under an Act of Congress enacted after the date of the enactment of this section." 28 U.S.C. § 1658(a).

When Congress has not established a limitations period for a federal claim, courts "borrow the most analogous period from state law." *Frame v. City of Arlington*, 657 F.3d 215, 223 (5th Cir. 2011). This Court recognizes a narrow exception: a court may decline to adopt a state limitations period only when another federal statute clearly provides a closer analogy, and when the federal policies at stake and the practicalities of litigation make that rule a significantly more appropriate rule making vehicle. *Guy v. LeBlanc*, 400 F. Supp. 3d 536, 541 (M.D. La. 2019) (citation omitted). This period applies in "civil action[s] arising under an Act of Congress enacted after the date of the enactment of this section." 28 U.S.C. § 1658(a). Section 1658 was enacted on December 1, 1990. See PUB. L. No. 101-650, 104 STAT. 5089. A claim arises under an Act of Congress enacted after December 1, 1990 if the claim as "made possible by a post-1990 enactment." *Guy*, 400 F. Supp. 3d at 541 (citation omitted).

Plaintiff must show that her claim was not cognizable under the pre-amendment version of Section 504 and was, therefore, only made possible by the amendments contained in the ADAA. *Fletcher v. Louisiana Dep't of Transportation & Dev.*, No. 18-CV-00860, 2019 WL 3240056, at *4 (M.D. La. July 18, 2019), aff'd, 848 F. App'x 163 (5th Cir. 2021). A claim is considered cognizable before the ADAA amendments if Plaintiff's allegations fall within the pre-amendment version of the Rehabilitation Act. *Id.* Under these amendments, the term "'disability' now includes an impairment that is *episodic or in remission* if it would substantially limit a major life activity when active; examples include epilepsy, hypertension, asthma, diabetes, major depression, bipolar disorder, schizophrenia, and *cancer*." *Lewis v. Cain*, No. 3:15-CV-318, 2021 WL 1219988, at *54 (M.D. La. Mar. 31, 2021) (*emphasis added*).

Here, Plaintiff's claim would not have been cognizable before the ADAA amendments. Plaintiff's bone cancer and sporadic back pain that hinder her ability to walk falls squarely within "an impairment that is episodic . . .[that] would substantially limit a major life activity when active." *Id.* (Doc. 25 ¶ 7). Accordingly, Plaintiff claims is subject to the four-year catch-all provision.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant Louisiana Department of Public Safety and Corrections' Motion to Dismiss (Doc. 37) is **GRANTED** in part.

Defendant Louisiana Department of Public Safety and Corrections' Motion to Dismiss Plaintiff's claim against it is **GRANTED**. Plaintiff's Title I ADA claim against the Louisiana Department of Public Safety and Corrections Louisiana is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that Defendant Louisiana Office of Juvenile Justice's Motion to Dismiss (Doc. 28) is **GRANTED** in part.

Defendant Louisiana Office of Juvenile Justice's Motion to Dismiss Plaintiff's claim against it is **GRANTED**. Plaintiff's Title I ADA claim against the Louisiana Office of Juvenile Justice is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

In all other respects, Defendants' Motions are **DENIED**.

Baton Rouge, Louisiana, this 3rd day of December, 2021

**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**