# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| AURLISA ISOM | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 21-13-BAJ-SDJ |
| | * | |
| LOUISIANA OFFICE OF JUVENILE | * | JUDGE BRIAN A. JACKSON |
| JUSTICE, AND WILLIAM SOMMERS | * | |
| IN HIS OFFICIAL CAPACITY AS | * | MAGISTRATE JUDGE |
| DEPUTY SECRETARY OF THE | * | SCOTT D. JOHNSON |
| LOUISIANA OFFICE OF JUVENILE | * | |
| JUSTICE | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## ANSWER WITH JURY DEMAND

**NOW INTO COURT**, through undersigned counsel, come Defendants, State of Louisiana, Department of Public Safety and Corrections ("DPSC"), Louisiana Office of Juvenile Justice ("OJJ") and William Sommers ("Sommers") (collectively, "Defendants"), who answer Aurlisa Isom's *Second Amended Complaint* as follows:

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted under 42 U.S.C. § 121101, § 12132, and/or § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, *et seq*. against Defendants.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff cannot establish that she would be a qualified individual with a disability within the meaning of the Americans with Disabilities Act.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims under the Rehabilitation Act are prescribed.

## FOURTH AFFIRMATIVE DEFENSE

Defendants deny any and all liability unto plaintiff in this matter.

1

**FIFTH AFFIRMATIVE DEFENSE**

All actions taken by the Defendants were taken in good faith, under the law, and without malice.

**SIXTH AFFIRMATIVE DEFENSE**

The answering Defendants affirmatively and specifically plead the limitations on recovery of damages, interest and cost as provided by La. R.S. 13:5106 and La. R.S. 13:5112.

**NOW IN FUTHER ANSWERING PLAINTIFF'S COMPLAINT:**

1.

The allegations contained in Paragraph 1 of Plaintiff's *Second Amended Complaint* do not require a response on the part of Defendants. However, in the event that any response is necessary, Defendants specifically deny any wrongdoing and/or liability.

2.

The allegations contained in Paragraph 2 of Plaintiff's *Second Amended Complaint* do not require a response on the part of Defendants. However, in the event that any response is necessary, the allegations that this Court has jurisdiction over the Plaintiff's claims are denied as to Plaintiff's Title 1 ADA claims against the Louisiana Department of Public Safety and Corrections and the Louisiana Office of Juvenile Justice.[1]

3.

The allegations contained in Paragraph 3 of Plaintiff's *Second Amended Complaint* are admitted to the extent that Plaintiff sought and was denied employment from the Louisiana Office of Juvenile Justice. The allegations are otherwise denied for lack of sufficient information to justify a reasonable belief therein.

---

[1] *See* R. Doc. 40, *Ruling and Order* granting Defendants' Motions to Dismiss, in part, on the basis of lack of subject matter jurisdiction.

4.

The allegations contained in Paragraph 4 of Plaintiff's *Second Amended Complaint* are admitted to the extent that DPSC is an arm of the State of Louisiana responsible for administering the State's correctional facilities and that DPSC is the recipient of federal financial assistance. All other allegations are denied for lack of sufficient information to justify a reasonable belief therein.

5.

The allegations contained in Paragraph 5 of Plaintiff's *Second Amended Complaint* are admitted to the extent that OJJ oversees correctional facilities and services for juveniles in the State of Louisiana. Defendants further admit that Bridge City Center for Youth "BCCY") is a facility under the purview of OJJ. All other allegations are denied for lack of sufficient information to justify a reasonable belief therein.

6.

The allegations contained in Paragraph 6 of Plaintiff's *Second Amended Complaint* are denied as written.

7.

The allegations contained in Paragraph 7 of Plaintiff's *Second Amended Complaint* are denied for lack of sufficient information to justify a reasonable belief therein.

8.

The allegations contained in Paragraph 8 of Plaintiff's *Second Amended Complaint* are denied as written. Defendants admit that an application for the position of Social Worker 1/2/3 filled out by Plaintiff was received on February 6, 2018.

9.

The allegations contained in Paragraph 9 of Plaintiff's *Second Amended Complaint* are denied as written. Defendants admit that Plaintiff signed a Conditional Offer of Employment, and dated the same March 23, 2018.

10.

The allegation that Plaintiff has over twenty years of experience as a social worker contained in Paragraph 10 of Plaintiff's *Second Amended Complaint* is denied for lack of sufficient information to justify a reasonable belief therein. The allegation that Plaintiff is and has been, since before Mary 2018, able to perform all the essential employment functions of a social worker at OJJ is denied.

11.

The allegations contained in Paragraph 11 of Plaintiff's *Second Amended Complaint* are denied as written. Defendants admit that Plaintiff completed a pre-employment health history questionnaire on March 19, 2018, provided by OJJ. Defendants admit that Plaintiff was provided a document titled Pre-Employment Health Information which requested "a medical release from your treating physician before you can be cleared for work if you have a pre-existing condition which may impact your ability to perform your duties." All other allegations in this paragraph are denied for lack of sufficient information to justify a reasonable belief therein.

12.

The allegations contained in Paragraph 12 of Plaintiff's *Second Amended Complaint* are denied for lack of sufficient information to justify a reasonable belief therein.

13.

The allegations contained in Paragraph 13 of Plaintiff's *Second Amended Complaint* are admitted to the extent that she was referred to her primary care provider for her pre-employment physical for medical clearance. All other allegations in this paragraph are denied for lack of sufficient information to justify a reasonable belief therein.

14.

The allegations contained in Paragraph 14 of Plaintiff's *Second Amended Complaint* are admitted to the extent a physical examination was performed on Plaintiff by Dr. DeGrange on or about March 21, 2018 and that she was medically cleared without restrictions. All other allegations in this paragraph are denied as written.

15.

The allegations contained in Paragraph 15 of Plaintiff's *Second Amended Complaint* are denied as written. Defendants admit that the Conditional Offer of Employment provided to Plaintiff listed a tentative date of March 26, 2018, on which Plaintiff could report for work, pending the result of drug screening and criminal background checks.

16.

The allegations contained in Paragraph 16 of Plaintiff's *Second Amended Complaint* are denied.

17.

The allegations contained in Paragraph 17 of Plaintiff's *Second Amended Complaint* are denied.

18.

The allegations contained in Paragraph 18 of Plaintiff's *Second Amended Complaint* are denied.

19.

The allegations contained in Paragraph 19 of Plaintiff's *Second Amended Complaint* are denied for lack of sufficient information to justify a reasonable belief therein.

20.

The allegations contained in Paragraph 20 of Plaintiff's *Second Amended Complaint* are denied for lack of sufficient information to justify a reasonable belief therein.

21.

The allegations contained in Paragraph 21 of Plaintiff's *Second Amended Complaint* are denied as written. The Louisiana Office of Juvenile Justice asserted to the EEOC, through a position paper dated March 19, 2020, that Plaintiff could not show that she met all essential elements to make out a *prima facie* claim for disability discrimination.

22.

The allegations contained in Paragraph 22 of Plaintiff's *Second Amended Complaint* are denied as written.

23.

The allegations contained in Paragraph 23 of Plaintiff's *Second Amended Complaint* are denied for lack of sufficient information to justify a reasonable belief therein.

24.

The allegations contained in Paragraph 24 of Plaintiff's *Second Amended Complaint* are denied for lack of sufficient information to justify a reasonable belief therein.

25.

The allegations contained in Paragraph 25 of Plaintiff's *Second Amended Complaint* repeat the allegations of paragraphs 3-24 of Plaintiff's *Second Amended Complaint*. Defendants repeat their responses to said allegations found in paragraphs 3-24 of this *Answer*.

26.

The allegations contained in Paragraph 26 of Plaintiff's *Second Amended Complaint* are denied.

27.

The allegations contained in Paragraph 27 of Plaintiff's *Second Amended Complaint* repeat the allegations of paragraphs 3-24 of Plaintiff's *Second Amended Complaint*. Defendants repeat their responses to said allegations found in paragraphs 3-24 of this *Answer*.

28.

The allegations contained in Paragraph 28 of Plaintiff's *Second Amended Complaint* are denied.

29.

The Prayer for Relief contained in Plaintiff's *Second Amended Complaint* does not require a response from Defendants. However, in the event that any response is necessary, the allegations that this Court has jurisdiction over the Plaintiff's claims against the Louisiana Department of Public Safety and Corrections and the Louisiana Office of Juvenile Justice under the ADA are denied.

30.

Except as admitted above, Defendant denies all other allegations contained in the *Complaint*.

31.

The defendants are entitled to recover reasonable expenses, including reasonable attorney fees, incurred for having to defend against this suit because it has no basis in law or in fact.

32.

The defendants demand a trial by jury on all issues so triable.

**WHEREFORE**, Defendants, State of Louisiana, Department of Public Safety and Corrections, Louisiana Office of Juvenile Justice, and William Sommers pray that this *Answer with Jury Demand* be deemed good and sufficient and that after due proceedings are had, there be Judgment herein in their favor, and against the Plaintiff, dismissing Plaintiff's claim at her cost, for Defendants' attorney's fees, and for all general and equitable relief.

          **JEFF LANDRY**
          **ATTORNEY GENERAL**

BY:   /s/ *Matthew P. Roth*
        Matthew P. Roth (#37527)
        Assistant Attorney General
        **Louisiana Department of Justice**
        Litigation Division, Civil Rights Section
        1885 North Third Street, 4th Floor
        Post Office Box 94005 (70804-9005)
        Baton Rouge, Louisiana 70802
        Telephone:   225-326-6300
        Facsimile:   225-326-6495
        E-mail:   rothm@ag.louisiana.gov

*[certificate of service on following page]*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 23rd day of December 2021, the above entitled pleading was filed electronically with the Clerk of Court by using CM/ECF system. Notice of this filing will be sent to all parties who participate in electronic filing by operation of the court's electronic filing system.

                                              */s/Matthew P. Roth*
                                             Matthew P. Roth (37527)
                                             Assistant Attorney General