UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| AURLISA ISOM | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 21-13-BAJ-SDJ |
| | * | |
| THE LOUISIANA DEPARTMENT | * | |
| OF PUBLIC SAFETY | * | |
| AND CORRECTIONS | * | |
| LOUISIANA OFFICE OF JUVENILE | * | JUDGE BRIAN A. JACKSON |
| JUSTICE, AND WILLIAM SOMMERS | * | IN HIS OFFICIAL CAPACITY AS |
| DEPUTY SECRETARY OF THE | * | MAGISTRATE JUDGE |
| LOUISIANA OFFICE OF JUVENILE | * | |
| JUSTICE | * | SCOTT D. JOHNSON |

*************************************************************************

## SECOND AMENDED COMPLAINT

### I.   PRELIMINARY STATEMENT

1. The Plaintiff, AURLISA ISOM, a qualified person with a disability, contends that Defendants unlawfully denied her an available position for which she was qualified because of her disability or because they regarded her as having a disability. Plaintiff brings this action for injunctive, declaratory, and monetary relief for violation of her rights under Title I of the Americans with Disabilities Act (hereinafter, "ADA"), 42 U.S.C. §121101 and Section 504 of the Rehabilitation Act of 1973, as amended (hereinafter, "Section 504"), 29 U.S.C. §794, *et seq*. Plaintiff seeks injunctive, declaratory, and monetary relief against the Louisiana Department of Public Safety and Corrections and the Louisiana Office of Juvenile Justice for violations of Section 504 of the Rehabilitation Act. Plaintiff seeks injunctive relief against William Sommers, in his official capacity as Deputy Director of the Office of Juvenile Justice for violations of the ADA.

### II.   JURISDICTION

Exhibit 3 - 000001

2. The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §§1331 and 1343(4). Declaratory relief is sought pursuant to 28 U.S.C. §§2201 and 2202.

### III. PARTIES

3. Plaintiff is a resident of New Orleans, Louisiana. Plaintiff has a disability and has a record of a disability as defined by the ADA, 42 U.S.C § 12102, and Section 504. She was diagnosed with Multiple Myeloma, an incurable bone cancer, in 2010. Plaintiff's bone cancer, an impairment under the ADA and Section 504, limits one or more of her major life functions. As a result of her condition, she has occasional back pain causing her to walk slower or have difficulty getting up or down. Plaintiff does not currently take any medications for her condition but uses other mitigating measures to cope with the sporadic pain. Plaintiff sought but was denied employment from the Louisiana Office of Juvenile Justice.

4. Defendant, the Louisiana Department of Public Safety and Corrections (DPSC) is the administrative arm of the State of Louisiana responsible for administering the state's correctional facilities, including the Bridge City Center for Youth (hereinafter BCCY). The DPSC is responsible for each of the actions and inactions complained of herein. The DPSC is a recipient of federal financial assistance.

5. Defendant, the Louisiana Office of Juvenile Justice (OJJ), operates the correctional facilities and services for youth in Louisiana, including the BCCY in Jefferson Parish, Louisiana. It is also responsible for all children adjudicated delinquent and assigned to their care by the court system, either for supervision or custody in residential placement or its secure care facilities. As part of its operations, Defendant regularly employs social workers. OJJ is a recipient of federal financial assistance.

6. Defendant William Sommers is the Deputy Secretary of OJJ. The Deputy Secretary is appointed by Governor of Louisiana and serves as the agency head of OJJ. He is responsible for all OJJ operations. Under Louisiana law, he exercises all powers and authority granted to him by law subject to the overall direction and control of the governor and he reports directly to the governor. He has the authority under Louisiana law to "employ, appoint, remove, assign, and promote such personnel as is necessary for the efficient administration of youth services and for the performance of the powers, duties, functions, and responsibilities of youth services, including the office of juvenile justice and any agencies transferred to the department which are related to the functions of youth services, except as otherwise provided by this Title." LSA-R.S. 36:405(D)(6). He is being sued in his official capacity only.

### IV.    STATEMENT OF FACTS

7. In 2010, Plaintiff was diagnosed with Multiple Myeloma, an incurable form of bone cancer. Plaintiff does not currently take any medication for the condition and sees her oncologist only once every six months. Plaintiff sporadically experiences back pain because of her condition, which causes her to walk more slowly or take extra time completing tasks. Plaintiff treats her back pain with ibuprofen as needed. Plaintiff receives Social Security Disability Insurance (SSDI) payments because of her disability.

8. On February 6, 2018, Plaintiff applied for a job at Bridge City Center for Youth as a Social Worker III.

9. On March 23, 2018 Plaintiff was given a Conditional Offer of Employment.

10. Plaintiff has over twenty years of experience as a Social Worker. Plaintiff is and has been, since before March 2018, able to perform all the essential employment functions of a Social Worker at OJJ.

Exhibit 3 - 000003

11. As part of the application process, Plaintiff completed a pre-employment health history questionnaire. Plaintiff completed this form twice, once on March 6, 2018 and again on March 19, 2018. The health history questionnaire, created and distributed by Defendant, required Plaintiff to disclose any pre-existing conditions and obtain a medical release from her treating physician.

12. Plaintiff disclosed her disability on both pre-employment health history questionnaires. Plaintiff also disclosed her diagnosis to BCCY's physician who performed a physical examination on March 8, 2018.

13. Plaintiff underwent a pre-employment physical at BCCY facilities. The physical was performed by a physician designated by OJJ. Due to an elevated blood pressure reading, Plaintiff was required to have an additional physical performed by her primary care physician.

14. Plaintiff's primary care physician, Dr. DeGrange, performed a second physical examination on Plaintiff on March 21, 2018. Dr. DeGrange cleared Plaintiff for work with no restrictions. By obtaining medical clearance from Dr. DeGrange, Plaintiff fulfilled the obligation set by Defendant in its pre-employment health history questionnaire.

15. Plaintiff's Conditional Offer of Employment listed her start date as March 26, 2018.

16. Plaintiff arrived at BCCY on the morning of March 26, 2018 to start work and was met by Human Resources personnel Sharonda Smith. Ms. Smith had questions for Plaintiff regarding her disability and had taken notes regarding Plaintiff's disability before the conversation began.

17. Before ever being allowed to perform her work duties, Plaintiff was informed by Ms. Sharonda Smith that she could not have the job of Social Worker III because of her disability.

Exhibit 3 - 000004

18. Due to Defendant's acts of discrimination Plaintiff has suffered economic injury, and damage to her emotional well-being and professional development.

19. Plaintiff filed a complaint of discrimination with the Equal Employment Opportunity Commission on or before January 22, 2019 and has exhausted her administrative remedies. Plaintiff received a notice of the right to sue from the EEOC on October 8, 2020.

20. Plaintiff is currently unemployed. She remains ready, willing, and able to accept employment from Defendants on the same terms and conditions as the job for which she applied, and was conditionally approved for, in March 2018.

21. Also, on March 20, 2020, during the EEOC administrative process, Defendant OJJ, in a letter to the EEOC, reiterated its refusal to offer Plaintiff employment, with or without accommodations, claiming that she "cannot show that she was qualified to perform the essential functions of a direct care position (including social worker or social service counselor) at BCCY." Defendants also asserted that "she would not have been able to successfully complete SCM training and be able to restrain a youth."

22. During the administrative process, the EEOC inquired whether Defendant OJJ would be willing to mediate the dispute, but it refused to do so.

23. Plaintiff is a qualified individual with a disability as defined in the ADA.

24. In refusing to hire Plaintiff, despite her having been conditionally approved for the position of Social Worker, Defendants regarded plaintiff as having an impairment that substantially limits one or more major life activities.

V. **FIRST CAUSE OF ACTION**

25. The allegations contained in paragraphs 3-24 are repeated and realleged as if set forth fully herein.

Exhibit 3 - 000005

26.     Defendants' actions in refusing to hire Plaintiff, who was otherwise qualified for the available position, because of her disability, or because they regarded her as having disability, constitute employment discrimination against a qualified disabled person, in violation of Title I of the Americans with Disabilities Act, 42 U.S.C. §121101.

## VII.   SECOND CAUSE OF ACTION

27.     The allegations contained in paragraphs 3-24 are repeated and realleged as if set forth fully herein.

28.     Defendants' actions in refusing to hire Plaintiff, who was otherwise qualified for the available position, because of her disability, or because they regarded her as having disability, constitute employment discrimination against a qualified disabled person, in violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A.     Assume jurisdiction of this action;

B.     Declare that the policies and regulations of the Defendants which discriminate against otherwise qualified persons because of their disability are in violation of federal law under Title I of the Americans with Disabilities Act and Section 504 Rehabilitation Act of 1973.

C.     Issue a Permanent Injunction requiring that Defendant Sommers to provide Plaintiff with employment as a Social Worker for Bridge City Center for Youth, or similar facility or program, on, at least, the same terms and conditions as the job she was conditionally offered in 2018.

D.     Award the Plaintiff back pay, benefits of employment, and compensatory damages from DPSC and OJJ pursuant to Section 504.

E.      Award the Plaintiff her costs and reasonable attorney's fees.

F.      Award such other relief as the Court may deem just, necessary, and proper.

Respectfully submitted this 21st day of April 2021.

AURLISA ISOM

By her attorneys,

/s/ Ronald K. Lospennato
Ronald K. Lospennato, La. Bar No. 32191
Emma Lee Douglas, La. Bar No. 39076
DISABILITIES RIGHTS LOUISIANA
8325 Oak Street
New Orleans, LA 70118
Telephone: 504-208-4679
Facsimile: 504-335-2890
Email: rlospennato@disabilityrightsla.org
edouglas@disabilityrightsla.org

Exhibit 3 - 000007