UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

AURISA ISOM      CIVIL ACTION

VERSUS

LOUISIANA OFFICE OF      NO. 21-00013-BAJ-SDJ
JUVENILE JUSTICE, ET AL.

RULING AND ORDER

This is an employment discrimination case. Plaintiff's Amended Complaint alleges that Defendants Louisiana Department of Public Safety and Corrections (DPSC), Louisiana Office of Juvenile Justice (OJJ), and Deputy Secretary of OJJ William Sommers unlawfully denied her an available position because of her disability. (*See* Doc. 25 at p. 1).

Now before the Court is a **Motion for Summary Judgment (Doc. 68)** by all Defendants, which argues that Plaintiff's action must be dismissed because her claims fail as a matter of law. (*See* Doc. 68-1 at p. 7). Plaintiff opposes Defendants' Motion. (Doc. 69). For the reasons stated herein, the Defendants' Motion will be denied.

I. BACKGROUND

A. Summary Judgment Evidence

The following facts are drawn from the Defendants' Statement of Uncontested Facts (Doc. 68-2, "DEF SOF"), Plaintiff's Opposing Statement of Material Facts (Doc. 69-1, "Isom SOF"), and the record evidence submitted in support of these pleadings.

1

Plaintiff is a Licensed Master Social Worker who was diagnosed with multiple myeloma, an incurable bone cancer, in 2010. (*See* Doc. 25 ¶ 3). On February 6, 2018, Plaintiff applied for a social worker position at the Bridge City Center for Youth (BCCY), a facility operated by OJJ. (*See* DEF SOF ¶ 1). On a date not provided in the Parties' pleadings, Plaintiff was interviewed for the position. Several times thereafter, Plaintiff visited BCCY to submit documents and complete onboarding paperwork. (*See* DEF SOF ¶ 2; Isom SOF ¶ 2). In her paperwork, Plaintiff disclosed her cancer diagnosis, her problems with her muscles, bones, and joints, and her chronic high blood pressure. (*See* Doc. 69-7 at pp. 12–13).

As part of the onboarding process, Plaintiff also underwent two pre-employment physicals. (*See* DEF SOF ¶ 5). The first physical was completed by a BCCY physician. (*See* Doc 25 ¶ 13). The BCCY physician did not mention Plaintiff's cancer diagnosis or muscle, bone, and joint issues, which suggests they had no bearing on Plaintiff's ability to qualify for the social worker position. (*See* Doc. 68-1 at p. 8–9). However, due to Plaintiff's elevated blood pressure, a second physical was required. (*See* DEF SOF ¶ 6). Plaintiff's personal physician performed the second physical and cleared her to work without restrictions. (*See* DEF SOF ¶ 7). At no point during the application or onboarding process did Plaintiff request accommodations or modification of the social worker position or of the BCCY facility. (*See* DEF SOF ¶¶ 8, 9).

On March 23, 2018, Plaintiff received a conditional offer of employment from OJJ for the social worker position. (*See* DEF SOF ¶ 4). The offer indicated that

Plaintiff was cleared to work without restrictions. (*See* Doc. 69-7 at p. 20). It also included a "report for work" date of March 26, 2018. (*See* Doc. 69-7 at p. 20). Plaintiff accepted the offer. (*See id.*).

On March 26, 2018, Plaintiff claims that she reported to BCCY and was met by Human Resources officer Sharonda Smith. (*See* Doc. 25 ¶ 16). According to Plaintiff, Smith had notes and questions for her regarding her cancer diagnosis. (*See id.*). At the end of the conversation, Smith allegedly informed Plaintiff that she would not be hired for the social worker position because of her cancer diagnosis. (*See* Doc. 25 ¶ 17). For her part, Smith testified that while she did not remember speaking with Plaintiff specifically, she "probably…could have" had "a whole conversation" with Plaintiff. (*See* Doc. 69-6 at p. 2).

Defendants deny Plaintiff's allegations about the events of March 26th. They claim that Plaintiff was not hired for the social worker position because she failed to report to work on March 26th. (*See* Doc. 68-1 at pp. 10–11). To support this, Defendants point to BCCY's visitor's log and new hire log, neither of which show that Plaintiff was a visitor or employee on March 26th. (*See* DEF SOF ¶ 13–14).

On or before January 22, 2019, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) alleging disability discrimination. (*See* DEF SOF ¶ 17). On October 8, 2020, the EEOC issued Plaintiff a Right to Sue letter. (*See* Doc. 25 ¶ 19).

3

### B. Procedural History

Plaintiff initiated this action in this Court on January 6, 2021, alleging that Defendants refused to hire her because of her disability in violation of Title I of the Americans with Disabilities Act (ADA), 42 U.S.C. § 121101, Title II of the ADA, 42 § U.S.C. 12132, and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794. (*See* Docs. 1, 25). Plaintiff sought damages, injunctive relief, and declaratory relief. (*See* Doc. 1 at pp. 5–6).

On March 23, 2021, Plaintiff voluntarily withdrew her Title II ADA claim. (*See* Doc. 18 at p. 2, n.2). On December 3, 2021, the Court granted Defendants' Motion to Dismiss Plaintiff's claims against DPSC and OJJ under Title I of the ADA. (*See* Doc. 40 at p. 11). On January 23, 2023, Plaintiff abandoned her claim for injunctive relief under Title I of the ADA against Sommers. (*See* Doc. 84 at p. 5). Accordingly, Plaintiff's sole remaining claim is for damages under the Rehabilitation Act.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure ("Rule") 56 provides that, "[t]he court shall grant summary judgment if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When determining whether the movant is entitled to judgment as a matter of law, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in their favor. *See Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). After a party moves for summary judgment, the non-movant must set forth specific facts showing there is genuine issue for trial. *See*

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). "At this stage, the Court does not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes." *Minnis v. Bd. Of Sup'rs of Louisiana State Univ. & Agric. & Mech. Coll.*, 55 F. Supp. 3d 864, 873 (M.D. La. 2014). Rather, the Court simply asks whether the evidence in the record is sufficient for a reasonable jury, "drawing all inferences in favor of the non-moving party, could arrive at a verdict in that party's favor." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991). If the answer is yes, the motion for summary judgment must be denied. *See id.*

On the other hand, the non-movant cannot satisfy their evidentiary burden by some metaphysical doubt as to the material facts, conclusory allegations, unsubstantiated assertions, or a mere scintilla of evidence. *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). If the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case," summary judgment is appropriate. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

### III. DISCUSSION

The Rehabilitation Act provides, "[n]o otherwise qualified individual with a disability…shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance …." *Houston v. Texas Dep't of Agric.*, 17 F.4th 576, 585 (5th Cir. 2021) (*citing* 29 U.S.C. § 794(a)). Claims brought under the Rehabilitation Act are analyzed under the *McDonnell Douglas* burden-shifting framework. *See id.* (*citing Cohen v. Univ. of Texas Health Sci. Ctr.*,

5

557 F. App'x 273, 277 (5th Cir. 1994)). "To establish a prima facie case of discrimination under the Rehabilitation Act, a plaintiff must prove that (1) she is an individual with a disability; (2) who is otherwise qualified; (3) who worked for a program or activity receiving Federal financial assistance; and (4) that she was discriminated against solely by reason of her or his disability." *See Houston*, 17 F.4th at 585–86 (internal citations omitted). In failure-to-hire Rehabilitation Act cases, Plaintiff must prove that "(1) that she applied for a post in a federally funded program or activity; (2) that, at the time, she suffered from a cognizable disability; (3) but was, nonetheless, qualified for the position; and (4) that she was not hired due solely to her disability." *Cook v. State of R.I., Dep't of Mental Health, Retardation, & Hosps.*, 10 F.3d 17, 22 (1st Cir. 1993) (*citing* 29 U.S.C. § 794(a)).

### A. Plaintiff Has Made a Prima Facie Case

Here, Defendants did not challenge the first three elements of Plaintiff's claim. Accordingly, the only issue is whether the evidence establishes a material dispute that Plaintiff's was not hired for the social worker position at BCCY due solely to her disability. (*See* Doc. 68-1 at pp. 7–11).

Plaintiff's evidence that Defendants failed to hire her because of her disability are Smith's alleged statements of March 26, 2018. (*See* Doc. 69 at pp. 3–7). Significantly, Defendants offer no evidence to rebut Plaintiff's account that Smith made discriminatory statements. Rather, Defendants argue that because Plaintiff has only "her own self-serving testimony" to prove she was even present at BCCY on

6

March 26th, summary judgment is appropriate. (*See* Doc. 70 at p. 4). However, the U.S. Court of Appeals for the Fifth Circuit has previously rejected this argument:

> To the extent that the district court chose not to consider the Pittman affidavits because they were "self-serving," this ruling was in error. A party's own testimony is often "self-serving," but we do not exclude it as incompetent for that reason alone...Instead, an affidavit based on personal knowledge and containing factual assertions suffices to create a fact issue, even if the affidavit is arguably self-serving.

*C.R. Pittman Const. Co. v. Nat'l Fire Ins. Co. of Hartford*, 453 F. App'x 439, 443 (5th Cir. 2011) (*citing Rushing v. Kan. City S. Ry.*, 185 F.3d 496, 513 (5th Cir. 1999)). In short, this Court cannot discount Plaintiff's sworn testimony at summary judgment, merely because it is self-serving. Instead, this evidence is properly considered when, as here, it is based on personal knowledge and contains factual assertions. Plaintiff's deposition testimony is replete with personal knowledge and factual assertions about the events of March 26th and thus can form the basis for her prima facie case of discrimination.

### B. Issues of Fact Preclude Summary Judgment

Defendants further argue that because they can produce documentary evidence that arguably refutes that Plaintiff reported to work on March 26, 2018, summary judgment is appropriate. (*See* Doc. 68-1 at pp. 10–11). Defendants offer BCCY's visitor logs and new hire logs as proof that while there is documentary evidence of Plaintiff's presence at BCCY during the pre-employment onboarding process, no such evidence exists supporting Plaintiff's allegation that she visited BCCY on March 26th. (*See id.*) In her opposition to summary judgment, Plaintiff contends that the visitor and new hire logs are unsworn and unauthenticated

7

documents and thus impermissible summary judgment evidence. (*See* Doc. 69 at pp. 9–10) (*citing Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 192 (5th Cir. 1991)). In response, Defendants purportedly authenticated the logs on November 1, 2022. (*See* Doc. 74 at p. 1).

The Court concludes that genuine issues of fact preclude summary judgment. Both Parties have pointed to evidence that tell different stories about the events of March 26, 2018, the date of Defendants' allegedly discriminatory treatment of Plaintiff. At the summary judgment stage, "the Court does not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes." *Minnis*, 55 F. Supp. 3d at 873. Whether to accept Plaintiff's account or Defendants' account of the events of March 26 will be left to the jury.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendants' **Motion for Summary Judgment (Doc. 68)** is **DENIED**.

Baton Rouge, Louisiana, this 27th day of March, 2023

_____
JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA